UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DEMONTE CRAYTON, | ) | |
|---|---|---|
| | ) | Case Nos. 1:22-cr-59; 1:24-cv50 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Demonte Crayton's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:24-cv-50; Doc. 77 in Case No. 1:22-cr-59.) For the following reasons, the Court will **DENY** Petitioner's motion.

I. BACKGROUND

On April 26, 2022, a grand jury returned an indictment, charging Petitioner with two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 in Case No. 1:22-cr-59.) On October 18, 2022, Petitioner entered into an amended plea agreement, in which he agreed to plead guilty to one count of possessing a firearm as a convicted felon. (Doc. 42 in Case No. 1:22-cr-59.) On March 8, 2023, the Court sentenced Petitioner to forty-six months' imprisonment, to be followed by three years of supervised release. (Docs. 67, 69 in Case No. 1:22-cr-56.) Petitioner did not appeal his conviction or sentence, but he filed the instant motion under 28 U.S.C. § 2255 on February 5, 2024. (Doc. 1 in Case No. 1:24-cv-50; Doc. 77 in Case No. 1:22-cr-59.) In his motion, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to advise him of the Supreme Court's decision

in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and failed to argue that 18 U.S.C. § 922(g)(1) is unconstitutional after *Bruen*.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Fair v. United States, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner's motion fails to demonstrate that he received ineffective assistance of counsel based on his counsel's failure to argue that 18 U.S.C. § 922(g)(1) is unconstitutional after the Supreme Court's decision in *Bruen*. To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F.

App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Additionally, the prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In *Bruen*, the Supreme Court announced a new test to determine whether a firearm regulation violates the Second Amendment. *Id.* at 2131. The test focuses on whether the challenged firearm regulation is consistent with historical firearm regulations. *Id.* However, *Bruen* did not concern a challenge to Section 922(g). *Bruen*, 142 S. Ct. 2111. Because neither the Sixth Circuit nor the Supreme Court has yet addressed if or how *Bruen* affects the constitutionality of Section 922(g), this Court must follow precedent squarely addressing the issue. *See United States v. Gleaves*, 654 F. Supp. 3d 646, 650–51 (M.D. Tenn. 2023) ("Absent a clear directive from the Supreme Court, this Court is bound by Sixth Circuit precedent [addressing Section 922(g)].").

The Sixth Circuit has repeatedly and unequivocally held that Section 922(g) is constitutional. *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (finding that "Congress's prohibition on felon possession of firearms is constitutional"); *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010) ("[T]his Court has held that § 922(g)(1) comports with the Second Amendment"); *United States v. Napier*, 233 F.3d 394, 404 (6th Cir. 2000) ("[W]e accordingly hold that § 922(g)(8) does not violate the Second Amendment."). As recently as 2022, the Sixth Circuit rejected the argument that Section 922(g) violated the Second Amendment. *United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at *2 (6th Cir. Mar. 7,

2022) ("[W]e have repeatedly found that prohibitions on felon possession of firearms do not violate the Second Amendment."). While these are pre-*Bruen* decisions, the Court is bound to follow Sixth Circuit precedent holding that Section 922(g) is constitutional unless that precedent is expressly overruled. Other district courts in this circuit have reached the same conclusion. *United States v. Ross*, No. 1:23-CR-20168, 2023 WL 7345908 (E.D. Mich. Nov. 7, 2023) ("These pre-*Bruen* opinions remain binding on this Court."); *United States v. McNeil*, No. 2:23-CR-20229, 2023 WL 6627972, at *2 (E.D. Mich. Oct. 11, 2023) (finding that despite the test laid out in *Bruen*, "the Sixth Circuit's precedent in Carey requires this Court to reach the [] conclusion" that Section 922(g)(1) is constitutional); *United States v. Brown*, No. 1:22-CR-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023) ("This Court is bound by Supreme Court and Sixth Circuit precedent finding [Section 922(g)] . . . constitutional."); *United States v. Brooks*, No. CR 23-26-DLB-CJS, 2023 WL 6880419, at *3 (E.D. Ky. Oct. 18, 2023) ("Without Sixth Circuit case law to the contrary, this Court finds that § 922(g)(1) is constitutional . . . despite the new test outlined in *Bruen*.").

Accordingly, the Court finds that 18 U.S.C. § 922(g)(1) remains constitutional after *Bruen*, and, as a result, Petitioner cannot establish that his attorney's performance fell below an objective standard of reasonableness by failing to raise the constitutionality of the statute or that his failure to do so prejudiced him.

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:24-cv-50; Doc. 77 in Case No. 1:22-cr-59) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a

constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

    **SO ORDERED**.

                                          /s/ *Travis R. McDonough*
                                          **TRAVIS R. MCDONOUGH**
                                          **UNITED STATES DISTRICT JUDGE**